**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C., <br>     Plaintiff, <br><br> v. <br><br> CIVICSMART, INC and DUNCAN PARKING TECHNOLOGIES, INC, <br>     Defendants. | CIVIL ACTION NO. |

# COMPLAINT

## NATURE OF THE CASE

1. Plaintiff Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz" or "Plaintiff") brings this Complaint against its former clients, Defendants CivicSmart, Inc. ("CivicSmart") and Duncan Parking Technologies, Inc. ("DPT") (collectively, the "Defendants"), seeking damages arising from Defendants' failure, in violation of their contractual and other obligations, to pay Mintz for legal services rendered on Defendants' behalf.

## PARTIES

2. Mintz is a law firm and professional corporation organized under the laws of the Commonwealth of Massachusetts with a place of business at One Financial Center, Boston, Massachusetts, 02111.

3. CivicSmart was and is, at all times relevant, a Delaware corporation having a principal place of business at 11220 West Lincoln Avenue, West Allis, Wisconsin 53227. CivicSmart is the parent company of DPT.

4. DPT was and is, at all times relevant, a Delaware corporation having a principal place of business at 11220 West Lincoln Avenue, West Allis, Wisconsin 53227. DPT was acquired by CivicSmart in or around July 2015 and is CivicSmart's wholly-owned subsidiary.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because this dispute stems from Defendants' contract and subsequent business transactions with Mintz, a Massachusetts professional corporation. Defendants sent communications, documents, and other materials to Mintz in Massachusetts; Mintz attorneys and professionals performed the legal work at issue in Massachusetts; and Defendants' failure to pay for those legal services have caused injury to Mintz in Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, i.e., Defendants sent communications, documents, and other materials to Mintz in Massachusetts and the unpaid legal services at issue were primarily performed by Mintz attorneys and professional staff working out of the firm's Boston office.

## FACTS

8. CivicSmart is a Wisconsin-based technology services and engineering company specializing in the development and delivery of technologies to municipal leaders and primarily focused on "Smart Parking" solutions.

9. On or about July 30, 2015, CivicSmart acquired DPT from Duncan Solutions, Inc. As a result of the sale, CivicSmart became the parent company of DPT and acquired all of DPT's

parking meter technology, equipment, and systems.

10. DPT is a parking meter company that makes parking meter equipment and technology and is a wholly owned subsidiary of CivicSmart.

11. On or about April 5, 2017, Defendants engaged Mintz to perform a variety of services in connection with litigation that had been filed against Defendants in the United States District Court for the Southern District of California (San Diego Division) (Case No. 3:17-cv-00632-CAB-MDD).

12. Among other things, Defendants agreed in the Engagement Letter to pay for legal services, disbursements, and expenses as reflected on the invoices rendered by Mintz. The Engagement Letter included an Engagement Memorandum and a copy of Mintz's Billing, Disbursement and Expense Policies. By executing the Engagement Letter, Defendants signified their agreement to the terms of the Engagement Letter, Billing, Disbursement and Expense Policies, and Engagement Memorandum. The Billing, Disbursement and Expense Policies states that Mintz is entitled to a recovery of its costs of collection, including attorneys' fees, for delinquent payments, and that interest will be charged at 1% per month on delinquent payments.

13. Defendants negotiated the terms of the Engagement Letter with Mintz, then executed and returned the Engagement Letter to Mintz in Boston.

14. As part of their obligations under the Engagement Letter, Defendants made an initial combined engagement payment to Mintz's IOLTA account with Bank of America in Boston.

15. Thereafter, Mintz performed the services agreed upon with Defendants for which Mintz was engaged. In order to facilitate Mintz's provision of legal services, Defendants regularly communicated with Mintz attorneys in Boston via phone and email, sent documents and other

materials to Mintz in Boston, and generally utilized the attorneys and professional staff working out of Mintz's Boston office.

16.     On or about April 2019, the litigation and related services for which Defendants engaged Mintz settled on favorable terms for Defendants.

17.     During the approximately two years it represented Defendants, Mintz sent invoices to Defendants seeking payment for the provided legal services, expenses and disbursements in the amounts indicated below:

| **Invoice Date** | **Invoice Number** | **Total** |
|---|---|---|
| 7/21/2017 | 8888616 | 58,048.17 |
| 10/25/2017 | 8909388 | 129,073.15 |
| 11/30/2017 | 8915317 | 252,240.46 |
| 12/21/2017 | 8919839 | 11,121.93 |
| 2/15/2018 | 8929697 | 44,391.48 |
| 2/15/2018 | 8929703 | 63,775.10 |
| 3/9/2018 | 8934954 | 106,135.34 |
| 4/2/2018 | 8941307 | 100,961.97 |
| 5/29/2018 | 8947036 | 99,329.55 |
| 6/29/2018 | 8951684 | 292,525.51 |
| 7/26/2018 | 8957256 | 466,373.03 |
| 8/23/2018 | 8962461 | 499,688.98 |
| 9/28/2018 | 8968321 | 395,614.07 |
| 11/30/2018 | 8979587 | 317,211.61 |
| 11/30/2018 | 8979738 | 318,438.45 |
| 12/19/2018 | 8984330 | 166,734.02 |
| 1/31/2019 | 8990877 | 75,465.91 |
| 2/8/2019 | 8994147 | 117,262.45 |
| 3/6/2019 | 8999822 | 86,938.49 |
| 4/24/2019 | 9007541 | 296,166.10 |
| 5/30/2019 | 9013789 | 188,692.84 |
| 6/12/2019 | 9016343 | 2,375.78 |
| 9/30/2019 | 9036367 | 2,404.99 |
| 3/4/2020 | 9067142 | 1,479.87 |

Total All Invoices:                            $4,092,449.25

18. The total amount of the invoices consists of $3,664,495.43 in legal services and $427,953.82 in disbursements and expenses. Defendants have made partial payment and have credits in the amount of $1,484,216.56, of which $212,210.46 has been applied to prepaid disbursements and expenses. As of April 15, 2024, the unpaid principal balance of the invoices is $2,608,232.69, which consists of $2,392,489.33 in unpaid legal fees and $215,743.36 in unpaid disbursements and expenses.

19. Despite their obligation and agreement to pay the invoices rendered by Mintz, and despite repeated demands to meet its payment obligations -- including several written demands -- Defendants have failed and/or refused to pay the current principal balance due on the owed invoices.

20. As of April 15, 2024, statutory pre-judgment interest on the unpaid balance due on the invoices rendered in connection with the legal matters totaled $1,654,835.20. The interest continues to accrue at both the contractual and Massachusetts statutory pre-judgment interest rate of twelve percent (12%), for a total balance due on the invoices of $4,263,067.89 as of April 15, 2024.

## COUNT I
### Breach of Contract

21. Mintz incorporates the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22. Defendants breached their agreement with Mintz by failing to meet their obligations to pay the amounts due to Mintz as agreed.

23. By reason of such breaches, Defendants are liable to Mintz in connection with the various matters described in the paragraphs above, in the principal amount of $2,608,232.69 and accrued interest in the amount of $1,654,835.20, for a total amount of $4,263,067.89 due as of

April 15, 2024. Further, in accordance with the Billing, Disbursement and Expense Policies, Mintz is entitled to a recovery of its costs of collection, including attorneys' fees, for delinquent payments.

## COUNT II
### Quantum Meruit

24. Mintz incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Mintz rendered legal services to Defendants and incurred substantial disbursements and expenses in connection with those services, on the reasonable expectation it would be paid a fair and reasonable fee therefor and would be reimbursed for such disbursements and expenses.

26. Defendants knew or should have known that Mintz was acting with this expectation, and Defendants accepted these services without objection.

27. In connection with the various matters described in the paragraphs above, Defendants became liable to Mintz for an amount equal to the fair and reasonable value of the unpaid services rendered and for the unpaid amount of disbursements and expenses incurred in a sum equal to at least $2,608,232.69.

28. Defendants have failed and refused to pay the amounts it owes Mintz for the legal services, equaling $2,608,232.69 plus interest in the amount of $1,654,835.20 as of April 15, 2024, for a total amount of $4,263,067.89 due as of April 15, 2024, and are liable to Mintz for this sum.

## COUNT III
### Account Annexed

29. Mintz incorporates the allegations contained in paragraphs 1 through 28.

30. Defendants are liable to Mintz on account of the various matters described in the paragraphs above, in the principal amount of $2,608,232.69 plus interest, according to the account

annexed to this Complaint.

WHEREFORE, Plaintiff, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. respectfully prays:

a. that this Court grant judgment against Defendants on Counts I, II, and III in the principal amount of $2,608,232.69 plus all accrued interest and a recovery of Plaintiff's attorneys fees; and

b. that this Court grant such other and further relief as is deemed just and appropriate.

Dated: April 16, 2024

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS
GLOVSKY and POPEO, P.C.

By its attorneys,

*/s/ Brendan J. Lowd*
Michael S. Gardener, BBO #185040
Brendan J. Lowd, BBO #687606
Mintz, Levin, Cohn, Ferris
Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
MSGardener@mintz.com
BJLowd@mintz.com

Account Annexed

| Invoice Date | Invoice Number | Total |
|---|---|---|
| 7/21/2017 | 8888616 | 58,048.17 |
| 10/25/2017 | 8909388 | 129,073.15 |
| 11/30/2017 | 8915317 | 252,240.46 |
| 12/21/2017 | 8919839 | 11,121.93 |
| 2/15/2018 | 8929697 | 44,391.48 |
| 2/15/2018 | 8929703 | 63,775.10 |
| 3/9/2018 | 8934954 | 106,135.34 |
| 4/2/2018 | 8941307 | 100,961.97 |
| 5/29/2018 | 8947036 | 99,329.55 |
| 6/29/2018 | 8951684 | 292,525.51 |
| 7/26/2018 | 8957256 | 466,373.03 |
| 8/23/2018 | 8962461 | 499,688.98 |
| 9/28/2018 | 8968321 | 395,614.07 |
| 11/30/2018 | 8979587 | 317,211.61 |
| 11/30/2018 | 8979738 | 318,438.45 |
| 12/19/2018 | 8984330 | 166,734.02 |
| 1/31/2019 | 8990877 | 75,465.91 |
| 2/8/2019 | 8994147 | 117,262.45 |
| 3/6/2019 | 8999822 | 86,938.49 |
| 4/24/2019 | 9007541 | 296,166.10 |
| 5/30/2019 | 9013789 | 188,692.84 |
| 6/12/2019 | 9016343 | 2,375.78 |
| 9/30/2019 | 9036367 | 2,404.99 |
| 3/4/2020 | 9067142 | 1,479.87 |
| **Total** | | **4,092,449.25** |

Subtotal All Invoices:                             $4,092,449.25

Less Credits                                       (1,484,216.56)

Principal Balance Due All Invoices:                $2,608,232.69